a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MICHAEL KOFI ANNANG LARYEA, Petitioner | CIVIL DOCKET NO. 6:26-CV-00209 SEC P |
| VERSUS | JUDGE EDWARDS |
| BRIAN ACUNA ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is Motion for Order to Show Cause (ECF No. 2) filed by Petitioner Michael Kofi Annang Laryea ("Laryea"), an immigration detainee at Pine Prairie Correctional Facility in Pine Prairie, Louisiana. Laryea seeks an expedited briefing schedule on his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

Section 2243 of Title 8 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause  additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008). The Court has discretionary authority to set deadlines

1

under Rule 4 of the Rules Governing § 2254 Cases," which are applicable to petitions filed under § 2241. *See Maniar v. Warden Pine Prairie Corr. Ctr.*, 6:18-CV-00544, 2018 WL 4869383, at *1 (W.D. La. 2018) (Hanna, M.J.)[1]; *see also, Taylor v. Gusman*, CV 20-449, 2020 WL 1848073, at *2 (E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. *See Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (noting a court's discretion under Rule 4 "prevails" over the strict time limits of § 2243). Before requiring a response or holding a hearing, a court may certainly allow a respondent time to conduct a reasonable investigation.

The Court has determined that a 21 day briefing schedule with seven days to reply is reasonable and appropriate in cases like Laryea's.

Accordingly, the Motion (Doc. 2) is GRANTED IN PART to the extent it generally seeks expedited briefing, but DENIED IN PART to the extent it seeks a response or release within three days.

IT IS ORDERED that a Response be filed within 21 days following the date of this Order. Laryea shall have seven days thereafter within which to file a reply.

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler*, 2008 WL 835764, *2 (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F. Supp. 348 (S.D.W. Va. 1997); *see also Taylor v. Gusman*, 20-CV-449, 2020 WL 1848073, at *1 (E.D. La. Apr. 13, 2020) ("District courts are therefore free to apply these rules to habeas petitions brought under 28 U.S.C. § 2241").

THE CLERK IS INSTRUCTED to email a copy of this Order to the Civil Chief of the United States Attorney's Office for the Western District of Louisiana and grant her access to the pleadings.

SIGNED on Thursday, January 29, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE